JS 44   (Rev. 12/12)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Annie E. Arrington

## DEFENDANTS

National Railroad Passenger Corporation

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Washington, DC
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rhonda Hill Wilson, Esquire
Law Office of Rhonda Hill Wilson, P.C.
1500 JFK Boulevard, Suite 820, Phila., PA 19102 (215) 972-0400

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☒ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1332a
Brief description of cause:
Injury while a passenger on an Amtrak train

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $ Excess of $75,000   CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  12/22/2015   SIGNATURE OF ATTORNEY OF RECORD  *Rhonda Hill Wilson*   DEC 22 2015

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**15        6750**

Address of Plaintiff:  22 West Rittenhouse Street, Philadelphia, PA 19144

Address of Defendant: 60 Massachusetts Avenue, NE, Washington, DC 20002

Place of Accident, Incident or Transaction:  Train #80 from Rocky Mount, North Carolina to Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☐
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases***
    (Please specify) Americans With Disability Act

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Rhonda Hill Wilson, Esquire , counsel of record do hereby certify:

☐ X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE:     12/22/15                              _____  34813
                                        Attorney-at-Law                  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:     12/22/15                              _____  34813
                                        Attorney-at-Law                  Attorney I.D.#

CIV. 609 (5/2012)

DEC 22 2015

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Annie E. Arrington | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | 15   6750 |
| National Railroad Passenger Corporation | : | No. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( x )

| | | |
|---|---|---|
| 12/22/15 | Rhonda Hill Wilson, Esquire | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 972-0400 | (21) 972-6756 | rhwilson@philly-attorney.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

DEC 22 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Annie E. Arrington                                  :
22 West Rittenhouse Street                          :
Philadelphia, PA 19144                              :
      Plaintiff                            :
                                                    :
    v.                                              :     CIVIL ACTION
                                                    :
National Railroad Passenger Corporation             :     No.
60 Massachusetts Avenue, NE                          :
Washington, DC 20002                                :
      Defendant                            :

## CIVIL ACTION COMPLAINT

Plaintiff, Annie E. Arrington comes now and alleges that:

1.     Plaintiff Annie E. Arrington, is an adult individual who is now, and at all times mentioned in this complaint, a citizen of the Commonwealth of Pennsylvania, residing at 22 West Rittenhouse Street, Philadelphia, PA 19144.

2.     Defendant National Railroad Passenger Corporation (also known as Amtrak), is a corporation duly organized and existing under federal law (49 U.S.C.A. §§ 24301 et seq.), having its principle office at 60 Massachusetts Avenue, NE, Washington, DC 20002, and being engaged in intercity passenger rail service throughout the United States and with an office at the 30th Street Station in Philadelphia, Pennsylvania, United States of America.

3.     At all-times mentioned in this complaint; Defendant owned, maintained, and operated a railway line between Philadelphia, Pennsylvania and Washington, D.C. and owned, maintained, and operated a station and tracks in Baltimore, Maryland.

4.     At all times mentioned in this complaint, Defendant employed staff including but

not limited to conductors, administrators, sales personnel and they were the Defendants' agents, servants, workmen and employees at all times relevant hereto.

5.     On or about February 28, 2014, Plaintiff Annie E. Arrington, was a passenger on Amtrak Train #80 from Rocky Mount, North Carolina headed to Philadelphia, Commonwealth of Pennsylvania.

6.     Plaintiff had identified herself to Defendant at the time of purchase of her ticket and at all times relevant hereto as a mobility impaired adult and Plaintiff had purchased an accessible coach seat prior to the time of her travel.

7.     Defendant Amtrak, through its agents, servants, and employees, was negligent in each and all of the following acts, which were performed within the course and scope of their employment, each of which was the proximate cause of the injuries and damages suffered by Plaintiff:

    a.     In causing the railcar to be moved and jerked without giving a warning of any kind to the Plaintiff and other passengers on the train at the time of her injury;

    b.     In causing the Plaintiff to move from a secure seat from one coach to another without cause in light of her disability and without Amtrak assistance when the Defendant knew or should have know that the Plaintiff required assistance and was mobility limited prior to and at the time of her fall;

    c.     In failing to keep a proper lookout for Plaintiff at the above-stated time and place;

    d.     Failure to operate the Amtrak train with due care with regard to the Plaintiff at the time and place aforesaid under the circumstances;

    e.     Failure to train, supervise and enforce its employees, workmen, servants

and agents on passengers with disabilities pursuant to the Americans With

Disabilities Act and to further provide passenger safety pursuant to

49 U.S.C. §12162 or 49 C.F.R. Part 37 to the Plaintiff;

f.    Failure to provide through its employees, workmen, servants and agents

assistance to the Plaintiff when it knew or should have know of Plaintiff's

disability at the time of her fall on the train;

g.    Failure to use any special indicator that Plaintiff needed assistance while

onboard the train prior to her fall.

8.    As a direct and proximate result of the negligence of Defendant's agents, servants, and employees, Plaintiff was thrown about in the railcar and struck her body when she fell between two seats and was caused to be injured. Plaintiff suffered much pain and agony, since the occurrence of the accident, and Plaintiff continues to suffer pain and will continue to do so in the future.

9.    As a direct and proximate result of the negligence of Defendant's agents, servants, and employees, Plaintiff has been injured and more specifically has suffered cervical spine sprain/strain; cervical intervetebral disc disorder; brachial neuritis/radiculitis; right shoulder sprain/strain and disorder of the bursa and tendson of the right shoulder.

10.    In addition, Plaintiff further exacerbated, aggravated and accelerated injuries of her spine including reversal of normal cervical lordosis without significant muscle spasm; multilevel spondylolisthesis; at C2-C3 central herniated disc is in contact with the cord; at C4-C5 broad based herniated disc producing mild mass effect on the cord; moderate to severe stenosis and mild to moderate central canal stenosis; uncovertebral joint hypertrophy is present; at C5-C6 broad based herniated disc; at C6-C7 broad based herniated disc; thre is moderate bilateral

foraminal stenosis; uncovertebral joint hypertrophy is present and at C7-T1 a disc bulge.

As a .further direct and proximate result of the accident, Plaintiff was forced to incur expenses

for medical and hospital treatment and will continue be in need of medical and hospital treatment

in the future. Further, Plaintiff is now not able to walk on her own without assistance and is

wheelchair bound.

11.    Defendant owed Plaintiff the highest duty of case as a passenger on their common

carrier.

WHEREFORE, Plaintiff request judgment against Defendant in excess of $150,000.00,

costs of suit; and interest or whatever recovery the court deems just.

Rhonda Hill Wilson, Esquire
Attorney for Plaintiff, Annie E. Arrington
1500 JFK Boulevard, Suite 820
Philadelphia, PA 19102
(215) 972-0400
Dated: December 22, 2015        rhwilson@philly-attorney.com